IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DILLON SOLOMON,**

    Petitioner,

v.                                                                         No. CV 12-1039 JB/LAM

**ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL OF THE UNITED STATES;
JANET NAPOLITANO, U.S. SECRETARY
OF HOMELAND SECURITY;
DIRECTOR OF IMMIGRATION AND
CUSTOMS ENFORCEMENT FIELD OFFICE,
DISTRICT OF NEW MEXICO;
PAUL BRYANT, DEPORTATION OFFICER
OFFICE OF DETENTION AND REMOVAL
OPERATION,**

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on Respondents' *Motion to Dismiss (Doc. 6)*, filed November 15, 2012, regarding Petitioner's Section 2241 Petition [*Doc. 1*]. Petitioner filed what appears to be a response to the motion to dismiss on November 26, 2012. [*Doc. 7*]. A reply has not been filed and the time for doing so has passed. Also before the Court is *Petitioner's Motion to Expedite Decision (Doc. 8)*, filed December 10, 2012. United States District Judge

---

[1]Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

James O. Browning referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Respondents' *Motion to Dismiss (Doc. 6)* be **GRANTED**, *Petitioner's Motion to Expedite Decision (Doc. 8)* be **GRANTED**, Petitioner's *Petition[] Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1)* be **DENIED**, and that this case be **DISMISSED without prejudice**.

### *Background*

Petitioner is a native and citizen of Jamaica and is being held in the custody of Immigration and Customs Enforcement (hereinafter "ICE") at the Otero County Processing Center in Chaparral, New Mexico. [*Doc. 6* at 1] and [*Doc. 1-1* at 1]. Petitioner first entered the United States in 2003 as a visitor. *See* [*Doc. 6-2* at 1]. On March 27, 2012, Petitioner was issued a Notice to Appear for removal proceedings, and was charged with removability under Section 237(a)(1)(A) of the Immigration and Nationality Act for seeking to procure an immigration visa through marriage fraud. [*Doc. 6-4* at 1 and 4]. On April 12, 2012, the Notice to Appear was amended, pursuant to Section 237(a)(1)(B), to add the grounds that Petitioner had remained in the United States for a longer period of time than was permitted by his nonimmigrant visitor visa. [*Doc. 6-5*]. On June 20, 2012, an immigration judge held that Petitioner should be detained without bond because the immigration judge found that Petitioner is "an extreme flight risk" due to his criminal history for marriage fraud and his apparent lack of eligibility for relief from removal. [*Doc. 6-2* at 3]. Petitioner appealed this decision to the Board of Immigration Appeals, which summarily denied the appeal on August 14, 2012. [*Doc. 6-6*]. On September 18, 2012, Petitioner claimed that he is a

United States citizen because his father was a United States citizen. *See* [*Doc. 6* at 2] and [*Doc. 7* at 6]. The immigration judge set a hearing for October 18, 2012, at which Petitioner informed the immigration judge that he had filed an N-600, Application for Certificate of U.S. Citizenship with the United States Citizenship and Immigration Services. [*Doc. 6* at 2]. The proceedings were continued for December 11, 2012. *Id.* at 3 and [*Doc. 6-8*]. No further updates regarding the status of Petitioner's citizenship application have been provided to the Court.

In his Petition, Petitioner contends that he is a United States citizen because his father was a United States citizen. [*Doc. 1* at 8-10]. Petitioner asks the Court to: (1) lift the detainer lodged against Petitioner; (2) order Petitioner to be released from ICE custody; and (3) grant his Petition "via affirmation of Petitioner's citizenship." *Id.* at 12.

In their motion to dismiss, Respondents contend that this Court lacks jurisdiction over this Section 2241 Petition because Petitioner's claim for United States citizenship has not been adjudicated by the Immigration Court and cannot be reviewed by a district court. [*Doc. 6* at 3-5]. In Petitioner's response to the motion to dismiss, Petitioner states that he is not asking the Court to determine whether he is a United States citizen, but that, instead, he is contending that the immigration judge improperly denied him bond and that his detention is in violation of "18 U.S.C. § 1226"[2] and *Zadvydas v. Davis*, 533 U.S. 678 (2001). [*Doc. 7* at 6].

Because Petitioner is proceeding *pro se*, the Court liberally construes his Petition and holds it to less stringent standard than pleadings drafted by an attorney. *See Hall v. Bellmon*,

---

[2]While Petitioner states that his detention violates "18 U.S.C. § 1226," there is no such subsection under Title 18 of the United States Code. It appears, instead, that Petitioner intends to reference 8 U.S.C. § 1226, which governs the detention of illegal immigrants pending their removal from the United States.

935 F.2d 1106, 1110 (10th Cir. 1991). However, this standard of liberal construction does not mean that the Court may act as Petitioner's advocate in this proceeding. *See id.*, 935 F.2d at 1110.

### *Discussion*

The Court finds that it does not have jurisdiction over Petitioner's claim to United States citizenship. The proper procedure to challenge an order of removal on the basis that the petitioner is a United States citizen is to bring a petition for review in a court of appeals pursuant to 8 U.S.C. § 1252(b)(5). *See Gonzalez-Gonzalez v. Weber*, 472 F.3d 1198, 1199 (10th Cir. 2006) (explaining that challenges to removal orders "are properly brought as petitions for review in the court of appeals rather than as habeas corpus petitions under 28 U.S.C. § 2241 in the district court"); *Omolo v. Gonzales*, 452 F.3d 404, 406-07 (5th Cir. 2006) ("[T]he district court correctly concluded that it lacked jurisdiction to consider Omolo's claim that she is a United States national. . . . The [REAL ID] Act divested district courts of jurisdiction over removal orders and designated the courts of appeal as the sole forums for such challenges via petitions for review.") (citations omitted). A final order of removal has not been entered in this case, so it would be premature to transfer the claim to the proper court of appeals. *See* 8 U.S.C. § 1252(b) (setting forth the requirements for review of an order of removal); *Salazar v. Ashcroft*, No. 03-2273, 116 Fed.Appx. 167, 168 n.1, 2004 WL 2029934 (10th Cir. Sept. 10, 2004) (unpublished) (explaining that the district court properly transferred the petitioner's petition for review of the immigration proceedings to the court of appeals for the judicial district in which the immigration judge completed the proceedings). The Court, therefore, finds that this claim should be denied.

The Court further finds that it does not have jurisdiction over Petitioner's challenge to the immigration judge's denial of bond. Under 8 U.S.C. § 1226, the Attorney General has the authority

4

to arrest and detain "an alien . . . pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Further, the Attorney General's "discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). While district courts have jurisdiction to consider challenges to a practice or procedure regarding a bond determination (*see Demore v. Kim*, 538 U.S. 510, 511 (2003) (finding jurisdiction to consider challenge to statutory framework that permits his detention without bail)), Petitioner here does not specify any practice or procedure to which he objects, and, instead, asks the Court to reconsider the immigration judge's discretionary decision to deny him bond (*see Doc. 7* at 2-4). Absent a procedural or constitutional challenge, this Court lacks jurisdiction to review the immigration judge's decision to deny Petitioner to be released on bond. *See Mwangi v. Terry*, No. 11-2091, 465 Fed.Appx. 784, 786-87, 2012 WL 718955 (10th Cir. March 7, 2012) (unpublished) (finding that the federal court lacks jurisdiction over the immigration judge's denial of bond, and stating that "the Attorney General's exercise of discretion [under Section 1226(a)] is not subject to judicial review") (citing 8 U.S.C. § 1226(e)); *Luna-Vasquez v. Asher*, No. C12-726-JLR-JPD, 2012 WL 4336742, at *3 (W.D.Wash. Aug. 24, 2012) (unpublished) (finding that the federal court does not have jurisdiction to review the immigration judge's discretionary bond determination under Section 1226(e)); *Singh v. Chertoff*, Civil Action No. 06-2338, 2007 WL 913882, at *3 (D.N.J. March 22, 2007) (unpublished) (explaining that, under 8 C.F.R. § 236.1(d)(1), immigration judges are given the same authority as the Attorney General and other immigration officers to grant conditional release or order continued detention); *see also* 8 C.F.R. § 1003.10(a) (immigration

5

judges are appointed by the Attorney General and "shall act as the Attorney General's delegates in the cases that come before them"). The Court, therefore, finds that this claim should also be denied.

Finally, to the extent Petitioner contends that his detention violates the holding of *Zadvydas*, that case is inapplicable here because there is no final removal order in this case. *See Demore*, 435 U.S. at 527 ("*Zadvydas* . . . governs detention following a final order of removal."); *Mwangi*, 465 Fed.Appx. at 786 (explaining that *Zadvydas* does not apply when a final removal order has not been entered). However, because Petitioner's detention may become unlawful in the future, the Court recommends dismissing the Petition without prejudice.

### *Conclusion*

For the reasons stated above, the Court recommends that Respondents' ***Motion to Dismiss (Doc. 6)*** be **GRANTED**, ***Petitioner's Motion to Expedite Decision (Doc. 8)*** be **GRANTED**, Petitioner's ***Petition[] Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1)*** be **DENIED**, and that this case be **DISMISSED without prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**